[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14384
Non-Argument Calendar

_____

D. C. Docket No. 04-60456-CV-WPD

STEPHANIE TIPPIE,

Plaintiff-Appellant,

versus

SPACELABS MEDICAL, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2006)

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Stephanie Tippie appeals the district court's order granting summary judgment in favor of her former employer, Spacelabs Medical, Inc. (Spacelabs), as to her complaint alleging national origin and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and the Florida Civil Rights Act (FCRA), § 760.10, Fla. Stat., and race discrimination in violation of 42 U.S.C. § 1981. Tippie asserts the district court erred in granting summary judgment because she presented both direct and circumstantial evidence to show Spacelabs discriminated against her when it failed to retain her in the newly created "Product Line Manager" or "Senior Product Management" positions after the company underwent a reduction-in-force. Tippie also contends the district court erred in dismissing her § 1981 race discrimination claim. We affirm the district court.

## I. DISCUSSION

A. *Standard of Review*

We review "a grant of summary judgment *de novo*, using the same legal standard as the district court." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 106 S. Ct.

2

2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

B. *Title VII and FCRA*[1]

Title VII states, in relevant part, that it is "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a). A plaintiff may prove a claim of discrimination through (1) direct evidence, (2) circumstantial evidence, or (3) statistical proof. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

---

[1] A claim under the FCRA is analyzed under the same standards as a Title VII claim. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

## 1. *Product Line Manager position*

Tippie asserts she presented both direct and circumstantial evidence of discrimination based on Spacelabs' failure to hire her into the Product Line Manager position.

### a. *Direct evidence*

Tippie contends she presented direct evidence that Spacelabs intentionally discriminated against her on the basis of her national origin, namely when Jukka Turtola, the decision-maker in this case, used the phrase "not native" in an e-mail in which he compared the qualifications of Tippie and Facundo Carrillo, the individual ultimately selected for the Product Line Manager position. In the e-mail, Turtola listed "[n]ative in Spanish language" as an important requirement for the position, and then noted Carrillo was "native in Spanish" whereas Tippie "speaks some basic Spanish but is not native."

"Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption. Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of [a protected characteristic] constitute direct evidence of discrimination." *Bass v. Board of County Comm'rs, Orange County, Florida*, 256 F.3d 1095, 1105 (11th Cir. 2001) (quotations, alterations, and citations omitted).

4

We conclude Tippie did not present direct evidence of discrimination. Taken in context, Turtola's use of the phrase "not native" was a manner of describing Tippie's Spanish language abilities, not her national origin. In any event, because this comment does not "prove the existence of a fact in issue without inference or presumption," it is not direct evidence of discrimination. *See Bass*, 256 F.3d at 1105; *cf. Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) (finding direct evidence of intentional racial discrimination where employer admitted that it had made job assignments based on race). Because Turtola's comment is not a blatant remark "whose intent could be nothing other than to discriminate," the district court did not err in finding Tippie failed to present direct evidence of discrimination. *See Bass*, 256 F.3d at 1105.

### b. *Circumstantial evidence*

We use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089 (1981), in order to evaluate claims based on circumstantial evidence of discrimination. *See Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*). Under this approach, if a plaintiff can establish a *prima facie* case of discrimination, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the

5

employment decision. *McDonnell Douglas*, 93 S. Ct. at 1824. If the employer meets this burden, then the burden shifts back to the plaintiff and merges with the ultimate burden of persuasion, which "remains at all times with the plaintiff," and the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 101 S. Ct. at 1093. A plaintiff can meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 1095.

A plaintiff in a job-reduction case establishes a *prima facie* case by showing:

(1) that he was in a protected group and was adversely affected by an employment decision; (2) that he was qualified to assume another position at the time of discharge or demotion; and (3) evidence by which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.

*Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). In *Jameson v. Arrow Co.*, an age discrimination case, we noted we generally have "eschewed an overly strict formulation of the elements of a *prima facie* case," and concluded "where a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected . . . group, an inference of intentional

6

discrimination is permissible." 75 F.3d 1528, 1531-32 (11th Cir. 1996); *see also Burdine*, 101 S. Ct. at 1094 (noting the plaintiff's burden of establishing a *prima facie* case "is not onerous").

We conclude Tippie met her burden of demonstrating a *prima facie* case of discrimination based on either her national origin or her gender, and the district court erred in finding otherwise. Following the reduction-in-force, Tippie was qualified for and considered for an available position within the company, but Spacelabs offered the job to Carrillo, who was not American or female. Although this is not strong evidence, it is sufficient to raise an inference of intentional discrimination based on either national origin or gender. *See Jameson*, 75 F.3d at 1531-32.

Because Tippie has established a *prima facie* case of discrimination, Spacelabs has the burden of producing a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 93 S. Ct. at 1824. In this case, Spacelabs asserted it chose to hire Carrillo instead of Tippie because he was better qualified for the position based on (1) his experience working for and running a distributor in Latin America; (2) his greater technical and clinical training and experience; and (3) his superior language abilities. We conclude this was a legitimate reason for choosing to hire Carrillo, and therefore, the burden

7

shifts back to Tippie to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 101 S. Ct. at 1093.

Tippie attempts to show pretext in a number of ways, including (1) directly, by alleging that she was more qualified for the position; (2) indirectly, by showing that the decision-making process was unworthy of credence; and (3) indirectly, by showing shifting justifications for the adverse employment action. Tippie failed to raise a genuine issue of material fact regarding whether Spacelabs' reasons were pretext, and she failed to produce sufficient evidence to meet her ultimate burden of proving by a preponderance of the evidence the adverse employment action was based on discriminatory animus. Tippie cannot show Spacelabs' reasons were pretext by arguing she was more qualified for the position. Although it is possible to show pretext by asserting superior qualifications, a plaintiff will only be successful if the "disparities in qualifications [are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004) (quotations and citation omitted), *cert. denied*, 126 S. Ct. 478 (2005).[2] In this case, Tippie was unable to show her

---

[2] In *Ash v. Tyson Foods, Inc.*, the Supreme Court held this Court's precedent requiring the disparity in qualifications be "so apparent as virtually to jump off the page and slap you in the face,"

8

qualifications were so much better than Carrillo's that no reasonable person could have chosen Carrillo for the position. Tippie's other attempts at showing pretext also fail, as our independent review of the record shows Spacelabs' reasons for selecting Carrillo would motivate a reasonable employer and were consistent throughout the entire process. Accordingly, we affirm the district court's grant of summary judgment to Spacelabs as to this issue.

2. *Senior Product Management position*

Tippie asserts she also presented both direct and circumstantial evidence of discrimination with respect to Spacelabs failure to hire her into the Senior Product Management position. As discussed above, Tippie failed to present any direct evidence of discrimination, and thus, must proceed under the *McDonnell Douglas* burden-shifting framework used to evaluate circumstantial evidence.

The district court did not err in concluding Tippie failed to establish a *prima facie* case of discrimination with respect to the Senior Product Management position. Tippie did not demonstrate, under the second prong of the *prima facie* analysis, that she was qualified to assume the position because she did not have an engineering degree or sufficient technical knowledge of the products.

---

to be unhelpful and imprecise. 126 S. Ct. 1195 (2006). In *Ash*, the Supreme Court cited, without articulating an exact standard, the standard quoted above. *Id.*

9

B. *Dismissal of race discrimination claim under 42 U.S.C. § 1981*

Tippie asserts the district court erred in dismissing her claim of race discrimination under 42 U.S.C. § 1981 after finding the claim was premised entirely on discrimination based on her national origin, not her race. "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999); *see also Saint Francis College v. Al-Khazraji*, 107 S. Ct. 2022, 2026 (1987) (noting § 1981 has been construed to forbid all "racial" discrimination in the making of contracts). "All persons . . . shall have the right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). By its very terms, § 1981 applies to claims of discrimination based on race, not national origin. *See id.*

The district court did not err in dismissing Tippie's § 1981 race discrimination claim because her only alleged evidence of discrimination was based on the fact that she is not a native of Latin America. This is a claim based on her national origin, not her race. Accordingly, the district court did not err in dismissing this claim as not cognizable under 42 U.S.C. § 1981.

## II. CONCLUSION

Tippie failed to raise a genuine issue of material fact on her claims of discrimination. The district court did not err in granting Spacelabs' motion for summary judgment.

**AFFIRMED.**